HONG JIAN CHEN, Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 04–70888.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 15, 2006.

Filed Dec. 5, 2006.

Robert G. Ryan, Esq., Law Offices of
Eugene C. Wong, PC, San Francisco, CA,
for Petitioner.

Regional Counsel, Western Region Im-
migration & Naturalization Service, Lagu-
na Niguel, CA, OIL, U.S. Department of
Justice Civil Div./Office of Immigration
Lit., Washington, DC, for Respondent.

Before: HAWKINS and BERZON,
Circuit Judges, and SILVER *, District
Judge.

MEMORANDUM **

Hong Jian Chen, a native and citizen of
China, petitions for review of the Board of
Immigration Appeals' ("BIA") summary
affirmance of an Immigration Judge's
("IJ") denial of asylum, withholding of re-
moval, and relief under the Convention

---

* The Honorable Roslyn O. Silver, United States
District Judge for the District of Arizona, sit-
ting by designation.

Against Torture ("CAT"). We deny the petition for review.

Since entering the United States in 1991, Chen has fathered two sons. He alleges that he holds a well-founded fear of persecution by the Chinese government resulting from its one-child population control policy. Chen testified before the IJ that if deported, he and his wife would return to China with their two children and, he feared, would be forcibly sterilized or imprisoned if they did so.

1. To demonstrate eligibility for asylum, a petitioner who does not demonstrate past persecution must establish both a subjective fear of future persecution and the objective existence of a well-founded fear. *See Kaiser v. Ashcroft*, 390 F.3d 653, 658 (9th Cir.2004). Establishing these requisites with regard to hear of a coercive population control program is sufficient to demonstrate eligibility for asylum. *See* 8 U.S.C. § 1101(a)(42).

We review the IJ's decision to deny relief for substantial evidence. *Li v. Ashcroft*, 356 F.3d 1153, 1157 (9th Cir.2004) (en banc). To grant the petition, "we must find that the evidence presented by Petitioner[ ] was such that a reasonable factfinder would be *compelled* to conclude that Petitioner[ ] ... had a well-founded fear of persecution based on [his] resistance to China's population control policies." *Id.* (emphasis added).

■ 2. The IJ found that Chen did not establish a subjective fear. The IJ did not, however, make an explicit adverse credibility determination regarding Chen's testimony that he feared returning to China because of the punishment he would face as a result of the one-child policy. In the absence of such an adverse credibility finding, the IJ should have credited Chen's testimony about his subjective fear of persecution and erred by not doing so. *See*

*Hartooni v. INS*, 21 F.3d 336, 342 (9th Cir.1994).

■ 3. Substantial evidence, however, does support the IJ's further determination that Chen failed to demonstrate an objectively well-founded fear of persecution. To meet the objective component of the test, "[t]he applicant must present credible, direct, and specific evidence in the record of facts that would support a *reasonable* fear of persecution." *Mgoian v. INS*, 184 F.3d 1029, 1035 (9th Cir.1999) (internal quotation marks omitted).

The only evidence presented to the IJ concerning China's one-child policy was two reports published by the State Department, both introduced by the Government. Portions of these reports provide some support for Chen's claims that China enforces its one-child policy against parents returning to the country with more than one child born abroad. The reports also indicate limited instances when local Chinese officials forced violators of the one-child policy to undergo abortions or sterilization. These same reports, however, indicate that such practices are sporadic and declining, and specifically discuss the lack of evidence of such practices in Chen's native province. Chen did not present any evidence contradicting the government reports. Based on the evidence in the record, therefore, the IJ was not compelled to find that Chen faced the requisite "reasonable possibility" of persecution if forced to return to China. *INS v. Cardoza–Fonseca*, 480 U.S. 421, 440, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987).

The IJ also determined that Chen does not qualify for withholding of removal or CAT relief. Chen must demonstrate a *likelihood* the he will face harm upon his return to China to qualify for either of these types of relief. *Singh v. Gonzales*, 439 F.3d 1100, 1113 (9th Cir.2006); *Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th

Cir.2000). The IJ's denial of relief on these claims is supported by substantial evidence, as the record does not compel a finding that Chen's return to China with more than one child is more likely than not to result in his persecution or torture.

**PETITION FOR REVIEW DENIED.**

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.